## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| WAL-MART STORES, INC. AND WAL-MART STORES EAST, LP, ) ) | JURY TRIAL DEMAND |
| ) | |
| Defendant. ) | |

NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Veronica Resendez ("Resendez").   The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (collectively "Walmart" or "Defendant"), failed to provide Resendez with a reasonable accommodation and subsequently terminated her because of her disability, in violation of the ADA.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maine.

PARTIES

3.     Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Wal-Mart Stores, Inc. has continuously been a Delaware corporation doing business throughout the United States, including in the State of Maine, and employing at least fifteen (15) employees.  Wal-Mart Stores East, LP has at all relevant times been a subsidiary of Wal-Mart Stores, Inc. doing business in the State of Maine.

5.     At all relevant times, Walmart has continuously been an employer engaged in an industry affecting commerce under Sections 101(2) of the ADA, 42 U.S.C. § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) & (h).

6.     At all relevant times, Walmart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     Walmart is a nationwide retailer and the nation's largest private employer.

ADMINISTRATIVE PROCEDURES

8.     More than 30 days prior to the institution of this lawsuit, Resendez filed a Charge of Discrimination with EEOC alleging violations of the ADA by Walmart.

9.     On December 19, 2017, after an investigation, EEOC issued to Walmart a Letter of Determination finding reasonable cause to believe that Walmart violated the ADA and inviting Walmart to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.    The Commission engaged in communications with Walmart to provide Walmart the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.    The Commission was unable to secure from Walmart a conciliation agreement acceptable to the Commission.

12.    On March 6, 2018, the Commission issued to Walmart a Notice of Failure of Conciliation.

13.    All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

14.    Resendez began working for Walmart in 1999 as a Cashier in Texas. In or around December 2009, she transferred to Store 2046 in Augusta, Maine. Her most recent position was as a Consumables Sales Associate.

15.    Resendez developed physical impairments during the latter portion of her employment with Walmart, namely stenosis of the spine and bone degeneration of the knee and spine. These impairments resulted in work restrictions for Resendez, including "not having to use or do ladder work over first step or get on knees or ground to do the job," and a 15-pound

lifting restriction with no prolonged or repetitive bending/lifting. Her impairments substantially limited her in the major life activities of bending and lifting.

16.     On or about January 24, 2013, Resendez submitted a reasonable accommodation request form to Walmart identifying her disabilities and the above restrictions.

17.     On or about February 3, 2013, Walmart's Accommodation Service Center (ASC) denied Resendez's request to be accommodated in her then-current position because her disability prevented her from performing one or more of the essential functions of her position (lifting 25 pounds and moving up and down a ladder). Instead, Walmart offered her the alternative accommodation of reassignment to a different, vacant position.

18.     Resendez let Walmart's personnel manager know that she would welcome reassignment to a Sam's Club (where she had previously worked) or to the Walmart locations in Rockland, Maine or Waterville, Maine.

19.     Under its reassignment policy, Walmart placed Resendez in a status where it claimed to search weekly for 90 days at her store location for vacant positions at her grade or lower that fit her restrictions. Walmart concluded that only two positions fit her restrictions: Fitting Room Associate and People Greeter.

20.     At the expiration of the 90-day period, on or about April 30, 2013, Walmart had not identified to Resendez any suitable vacant positions in the Augusta location to which she could be reassigned as a reasonable accommodation. Walmart continued to allow Resendez to take an unpaid leave for a one-year period as a further accommodation, during which time Resendez could apply for open positions.

21.     At the end of this one-year period, Resendez had not found another position acceptable to Walmart and her restrictions had not changed. On or about March 4, 2014, her employment was terminated.

22.     In addition to the store location in Augusta where Resendez had worked, there was also a Walmart location in Waterville, Maine, roughly 22 minutes north from the Augusta store.

23.     Within the 90-day period in which Walmart accepted an obligation to search for vacant positions at the Augusta location, there were two positions that became vacant in March 2013 for Fitting Room Associates at the Waterville location. Walmart did not offer either of these positions to Resendez.

24.     Had Resendez known of these positions and been offered either one of them, she would have accepted.

25.     By failing to search beyond the store location in which Resendez last worked and to offer Resendez either of the two Fitting Room Associate positions in Waterville, Walmart violated its obligation under the ADA to reassign Resendez to a vacant position as a reasonable accommodation for her disabilities.

24.     The unlawful employment practices complained of above were intentional.

25.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Resendez's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability

discrimination, and from engaging in any employment practice that discriminates on the basis of disability.

       B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

       C.      Order Defendant to make Resendez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including instatement or reinstatement of Resendez, if appropriate.

       D.      Order Defendant to make Resendez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

       E.      Order Defendant to make Resendez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

       F.      Order Defendant to pay Resendez punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

       G.      Grant such further relief as the Court deems necessary and proper to the public interest.

       H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Dated: April 26, 2018


                                      JAMES L. LEE
                                      Deputy General Counsel

                                      GWENDOLYN YOUNG REAMS
                                      Associate General Counsel

                                      U.S. EQUAL EMPLOYMENT OPPORTUNITY
                                      COMMISSION
                                      131 M Street, N.E.
                                      Washington D.C. 20507


                                      JEFFREY BURSTEIN
                                      Regional Attorney


                                      <u>/s/Markus L. Penzel                   </u>
                                      Markus L. Penzel
                                      Senior Trial Attorney
                                      EQUAL EMPLOYMENT OPPORTUNITY
                                      COMMISSION
                                      Boston Area Office
                                      John F. Kennedy Federal Building, Room 475
                                      Boston, MA 02203-0506
                                      (617) 565-3193
                                      <u>Markus.Penzel@eeoc.gov</u>