## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )  CIVIL ACTION NO.<br>) |
| v. | )  1:18-cv-00170-JDL<br>) |
| WAL-MART STORES, INC. AND WAL-MART STORES EAST, LP, | )<br>)<br>) |
| Defendant. | )<br>) |

### CONSENT DECREE

This cause of action was initiated on April 26, 2018, by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), an agency of the United States Government, alleging that Defendants Wal-Mart Stores, Inc.[1] and Wal-Mart Stores East, LP (collectively "Walmart") engaged in unlawful employment practices in violation of Titles I and V of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. Specifically, EEOC alleges that Walmart violated the ADA by failing to provide Veronica Resendez with a reasonable accommodation and subsequently terminating her because of her disability, in violation of the ADA. In addition, EEOC alleges that Walmart, in violation of the ADA, fails to search beyond the store location in which a disabled associate currently works in seeking a vacant position to which the disabled associate can be reassigned as a reasonable accommodation. Walmart denies the allegations and contends that its policy complies with the ADA and Civil Rights Act and that it did not terminate Resendez because of her disability.

---

[1] As of March 1, 2018, Wal-Mart Stores, Inc., changed its legal name to Walmart Inc.

1

The parties desire to settle this action amicably and to stipulate to the entry of this Consent Decree as final and binding between them and Walmart's officers, directors, agents, successors, assigns, full or partial purchasers, and any other entity with which Walmart may merge or consolidate.

In consideration of the mutual promises of each party to this Consent Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

### A. GENERAL PROVISIONS

1. This Consent Decree resolves all matters related to Civil Action No. 1:18-cv-00170-JDL. This Consent Decree also resolves the issues raised in EEOC Charge Number 846-2014-06923, which served as the jurisdictional prerequisite in this case. This Consent Decree does not resolve any other charge of discrimination currently pending before EEOC, or any charge that may be filed in the future, other than Charge Number 846-2014-06923. EEOC reserves all rights to proceed with the investigation and/or litigation of any other charges and claims, including but not limited to, the investigation and litigation of any pending or future charges or claims against Walmart.

2. The terms of this Consent Decree represent the full and complete agreement of the parties.

3. The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

4. The parties have agreed that this Consent Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

5. Walmart shall not contest the validity of this Consent Decree, or the jurisdiction of the United States District Court to enforce this Consent Decree and its terms, or the right of EEOC to bring an enforcement action or proceeding upon the breach of any term of this Consent Decree by Walmart.

6. The terms of this Consent Decree are adequate, fair, reasonable, equitable, and just. The rights of the Parties and the public interest are adequately protected by this Consent Decree.

7. The terms of this Consent Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Walmart.

8. The provisions of this Consent Decree applicable to "Walmart" shall include all Walmart's officers, directors, managers, agents, successors, assigns, full or partial purchasers, and any other entity into which Walmart may merge or consolidate.

9. This Consent Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint. Nothing contained in this Consent Decree shall be construed as an admission of liability on the part of Walmart.

10. The Effective Date of this Consent Decree shall be the date it is docketed by the clerk of court after it is signed and/or receives approval from the Court.

**B. INJUNCTIVE RELIEF**

11. Walmart, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from failing to offer to reassign a qualified individual with a disability to a vacant position in violation of Title I of the ADA.

12. Walmart shall not retaliate against any person who participated in any way in EEOC's investigation of the Charge or this litigation.

### C. POLICIES AND PROCEDURES

13. Walmart agrees to change its reassignment procedures in accordance with the procedures it has recently been voluntarily piloting in certain regions, such that disabled associates eligible for job reassignment under the ADA as a reasonable accommodation will have the opportunity to request that Walmart search beyond an associate's then current store location ("home store"). The revised procedures shall be applied only to Walmart's hourly field associates working in Walmart retail stores in the United States.

14. Under the revised procedures, when Walmart determines that an hourly associate in a Walmart store is eligible for reassignment as a reasonable accommodation,[2] Walmart will, as part of the interactive process, communicate with the associate to discuss the associate's preferences regarding the scope of the reassignment search to be conducted. The reassignment search will always include the associate's home store, and Walmart will offer to expand the search to include every store in the same Walmart "Market" as the home store or up to five additional stores of the associate's choice. Walmart will inform the associate that by electing to expand the scope of the search, the associate must be prepared to accept a job offer from the associate's home store or any store within the associate's selected search area, and that declining any such offer will result in the closing of the associate's pending accommodation claim. However, the associate may be eligible for an additional medical leave of absence pursuant to Walmart's policies and will not be prohibited from submitting an additional accommodation claim if still employed. The

---

[2] Except as expressly modified herein, Walmart shall manage all aspects of the reasonable accommodation process, including the reassignment search, in accordance with its Accommodation in Employment – (Medical-Related) Policy and related Accommodation in Employment (Medical-Related) Management Guidelines.

procedures described in paragraphs 14-15 may be communicated to the associate in writing or discussed with the associate verbally and confirmed to the associate in writing.

15. Walmart will conduct an initial reassignment search for suitable positions in the associate's home store. If that search yields no suitable reassignment positions, Walmart will expand the scope of the search to include the other stores within the search area as elected by the associate. Walmart will continue to search for suitable vacant positions within the search area until one or more positions are located, or until ninety (90) days have elapsed since the first search was conducted, whichever occurs first. Searches will be conducted each business day of the 90-day search period until a position is located.

16. Upon a suitable vacant position being located within the search area, Walmart will extend the job offer and document the offer in writing. The associate shall be given twenty-four (24) hours to accept or decline the position(s) offered. Once a position is accepted, the associate will be placed into the accepted position without having to interview or needing to compete with other applicants. In the event the associate declines to timely accept a job offer, the associate's pending accommodation claim will be closed, but the associate may be eligible for an additional medical leave of absence pursuant to Walmart's policies and will not be prohibited from submitting an additional accommodation claim if still employed.

17. Walmart shall institute the revised procedures set forth in Paragraphs 13–16 above on or before February 1, 2020, and shall notify EEOC within thirty (30) days that the revised procedures are instituted.

18. Walmart shall review and revise, where necessary, its Accommodation in Employment – (Medical Related) Management Guidelines to reflect that associates undergoing

job reassignment will have the option to request that Walmart search for suitable positions outside their home stores.

19. Within thirty (30) days of the effective date of the procedure changes set out in Paragraph 13–16, Walmart shall provide a copy of its revised Management Guidelines as described in Paragraph 18 above to EEOC.

### D. TRAINING

20. Within thirty (30) days of Walmart's implementation of the reassignment procedures outlined in Paragraphs 13–16 above, Walmart will communicate the changes to all Walmart Stores Human Resource field associates and all supervisors and managers who have responsibility for reassignments as reasonable accommodations. Walmart shall certify compliance with this provision by providing a copy of the communication to EEOC within thirty (30) days of Walmart's implementation of the reassignment procedures.

21. No later than thirty (30) days after Walmart's implementation of the reassignment procedures outlined in Paragraphs 13–16 above, Walmart will provide training to its employees and contractors who will be responsible for carrying out the changes and who have not yet been trained. Such training must be sufficient to inform the responsible employees and contractors as to how to administer the reassignment procedures in accordance with Paragraphs 13–16 above. Walmart shall certify compliance with this provision, and provide a description of the training provided, to EEOC within sixty (60) days of Walmart's implementation of the revised reassignment procedures.

### E. NOTICES AND POSTINGS

22. Within five (5) business days after the Effective Date of this Consent Decree, Walmart shall post in the breakroom of the Accommodation Service Center and its Augusta, Maine

store an eight and a half (8 ½) inches by eleven (11) inches laminated copy of the Notice attached as Attachment A to this Consent Decree. The Notice shall remain posted for the duration of this Consent Decree. If the Notice becomes defaced or illegible, Walmart will replace it with a clean copy. Walmart shall certify to the Commission, in writing, within thirty (30) days of entry of this Consent Decree that the Notice has been properly posted, including identifying the location where the Notice has been posted. Walmart shall provide recertification of compliance with these Notice posting requirements in each of the reports required under the Reporting provisions in Paragraph 26 of the Consent Decree.

### F. MONETARY RELIEF

23. As part of the settlement of this action, within thirty (30) days of the Effective Date of this Consent Decree and the receipt by Walmart of a Release of Claims executed by Veronica Resendez (attached hereto as Attachment A), whichever is later, Walmart will pay the total sum of $80,000.00, less all legally required deductions and withholdings, to Veronica Resendez in the following amounts: $40,000.00 for alleged lost wages and benefits prior to February 1, 2016, and $40,000.00 for alleged compensatory damages.

24. Walmart shall issue a Form W-2 for the wage payments and a Form 1099 for the payment for compensatory damages. Walmart will send checks for the above amounts via certified mail, Federal Express, or UPS, to an address provided by EEOC. A copy of the checks will be provided to EEOC immediately upon issuance.

### G. MONITORING AND REPORTING

25. EEOC may monitor and review compliance with the provisions of this Consent Decree.

26. During the term of the Consent Decree, Walmart shall annually furnish to EEOC reasonable information regarding Walmart's reassignment program as set forth in Paragraphs 13–16 above. Such information shall be furnished within sixty (60) days following a written request from EEOC specifying the information requested. The information to be furnished to EEOC pursuant to this paragraph shall include the following:

   a. The number of associates who requested reassignment as a reasonable accommodation;

   b. The number of associates who were deemed eligible for reassignment as a reasonable accommodation under the ADA;

   c. The number of associates who requested that the reassignment search include a store other than their home store;

   d. The number of associates who were reassigned to a store other than their home store as a reasonable accommodation under the ADA;

   e. The number of associates who were deemed eligible for reassignment as a reasonable accommodation under the ADA who did not receive an offer of reassignment.

27. As part of EEOC's review, EEOC may also inspect Walmart's stores, interview associates, and examine and copy documents at a mutually convenient time as agreed upon between EEOC and Walmart. Paragraph 26 above shall not preclude EEOC from requesting other information related to the enforcement of the Decree at other times.

28. Except as otherwise provided for in this Consent Decree, all notifications, reports, and communications to the parties required under this Consent Decree will be made in writing and will be sufficient as emailed or mailed to the following persons (or their designated successors):

        For EEOC:        Consent Decree Monitor
EEOC Legal Unit
33 Whitehall Street, 5th Floor
New York, NY 10004
Decreemonitor.nydo@eeoc.gov

<u>And</u>

Markus Penzel, Senior Trial Attorney
EEOC – Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203
markus.penzel@eeoc.gov

        For Walmart:        Katharine I. Rand
Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
(207) 791-1100

### H. DISPUTE RESOLUTION

29. In the event that EEOC believes that Walmart has failed to comply with any provision(s) of the Consent Decree, EEOC will notify Walmart and Walmart must make a good faith attempt to cure any breach of the Consent Decree within sixty (60) business days of notification.

30. Following the sixty (60) business days to cure period, EEOC shall have the right to seek Court intervention.

31. No party shall contest the Court's jurisdiction to enforce this Consent Decree and its terms or the right of EEOC to bring an enforcement suit upon breach of any term of this Consent Decree. Breach of any term of this Consent Decree should be deemed to be a substantive breach. The Court will retain jurisdiction over any such enforcement proceeding during the duration of the Consent Decree. Nothing in this Consent Decree will be construed to preclude EEOC from

bringing proceedings to enforce this Consent Decree in the event that Walmart fails to perform any of the promises or representations herein.

### I. COSTS

32. Each party to this Consent Decree shall bear its own attorneys' fees and costs associated with this litigation.

### J. NOTIFICATION OF SUCCESSORS

33. Walmart shall provide prior written notice to any potential purchaser of its business, or a purchaser of all of Walmart's assets, and to any other potential successor, of EEOC's Complaint, and the existence and contents of the Consent Decree.

### K. DURATION OF DECREE

34. The duration of the Consent Decree shall be in effect until May 31, 2022, unless there is an open dispute under Paragraph 29, in which case the Consent Decree shall be extended until the dispute is resolved.

35. EEOC has the ability to enforce the terms of this Consent Decree as to any alleged breaches to which EEOC has notified Walmart in writing not less than thirty (30) days before the expiration of this Consent Decree.

36. The Court retains jurisdiction over this action during the duration of this Consent Decree. The matter may be administratively closed, but will not be dismissed during the duration of this Consent Decree.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: November 13, 2019

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

s/ Jeffrey Burstein

JEFFREY BURSTEIN
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov

MARKUS L. PENZEL
Senior Trial Attorney
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193 (telephone)
(617) 565-3196 (fax)
Markus.penzel@eeoc.gov

**FOR WAL-MART STORES, INC. and
WAL-MART STORES EAST, LP**

s/ Katharine I. Rand
Katharine I. Rand
Daniel Strader
Pierce Atwood LLP
254 Commercial Street
Portland, Maine 04101
(207) 791-1267 (telephone)
(207) 791-1350 (fax)
krand@pierceatwood.com
dstrader@pierceatwood.com

## ATTACHMENT A

## NOTICE

1.      This notice to all employees of Walmart's Market # is being posted and provided as part of a Consent Decree resolving a lawsuit under the Americans with Disabilities Act ("ADA") between Walmart Inc. (hereafter "Walmart"), as Defendant, and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, as Plaintiff.  As part of the resolution of this matter, Walmart has agreed to revise its procedures for disabled Associates eligible for a reassignment to a vacant position by broadening the scope of Walmart's search.

2.      Federal law requires that there be no discrimination against any employee or applicant for employment because of sex, race, national origin, color, religion, age, or disability. Employees are also protected from retaliation for complaining about unlawful discrimination or for otherwise opposing unlawful discriminatory conduct.

3.      Walmart will continue to comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, or the Equal Pay Act.

4.      The Equal Employment Opportunity Commission maintains offices throughout the United States.  Its toll-free telephone number is 1-800-669-4000.

SIGNED this ___ day of _____, 2019.


_____
[name]
[Title]



**THIS NOTICE SHALL REMAIN POSTED UNTIL MAY 31, 2022, AND SHALL NOT BE DEFACED OR OBSTRUCTED**.

## **ATTACHMENT B**

## **RELEASE OF CLAIMS**

In consideration for $80,000.00 paid to me by Walmart Inc., in connection with the resolution of *EEOC v. Wal-Mart Stores, Inc. et al.,* Civil Action No 1:18-cv-00170-JDL, I forever waive and fully release my right to recover for any claims of discrimination arising under Title I of the Americans with Disabilities Act that I had against Wal-Mart Stores, Inc. prior to the date of this release that were included in the claims alleged in EEOC's complaint in *EEOC v. Wal-Mart Stores, Inc. et al.,* Civil Action No 1:18-cv-00170-JDL (D. Me.).

Date: _____  Signature: _____

Print Name: _____